## THE ITALIAN.

(District Court, S. D. New York. January 8, 1904.)

**1. Towage — Injury of Tow — Failure of Tug to Properly Guide Rudderless Tow through Bridge Opening.**

The sinking of a rudderless barge in tow while passing through a bridge draw in Harlem river, by being pierced by a plank which was a part of the facing of the rack on one side of the opening, *held*, on the evidence, to have been due to the fault of the tug, in failing to guide the tow properly, and not to the defective condition of the rack.

In Admiralty. Suit for injury of tow.

Black & Kneeland, for libellant.

Alexander & Ash, for claimant.

ADAMS, District Judge. This action was brought to recover the damages caused to the barge R. B. Osterhoudt, while in tow on two hawsers, about 30 feet long, of the tug Italian on the 15th day of July, 1898. There were two other barges close astern of the Osterhoudt, singled out. The tow was proceeding through the Harlem River to the claimant's stake boat in the Hudson River. This barge came in contact with the end of the northerly rack, forming the approach to the lift draw of the Spuyten Duyvil Bridge, maintained by the New York Central & Hudson River Railroad Company. A plank, which formed part of the facing of the rack, pierced the barge's bow, just above the bottom planking, causing her to fill and sink.

The libel charges negligent towage in permitting the barge to come in contact with the end of the rack.

The answer alleges that there is a cross tide in the draw of the bridge, which sets vessels passing through it to one side or the other, according to the direction in which the tide is flowing; that to protect vessels in passing through the draw, the railroad company maintained spring piling and racks, extending both ways from the draw, parallel with the course of the stream; that when the tow, on this occasion, started through the draw, the Osterhoudt sagged up against the rack on the northerly side and struck a beam or stringer, about four feet under water, of which those in charge of the tug had no knowledge, and had no reason to suspect the existence of.

The testimony shows that the Osterhoudt was a straight sided rudderless barge, about 80 feet long. She was light and drawing about 2 feet. Her depth was 7 feet, with a straight rake to her bow,

and stern, of about 4 feet. The water space between the racks was about 40 feet. The tide was flood and setting into the Harlem from the Hudson River. Before entering the draw, the tug slowed down to a speed of about a knot per hour and the tow was set over to the northward. The planking on the rack ran horizontally with the water. The barge struck with considerable force, and her momentum was increased by the forward motion of the barges astern. After the accident, a piece of the planking, about 15 feet long, was found imbedded in the bow of the barge. The remainder of the piece was found sticking out, at a slight angle, from the face of the rack. The wound in the barge was on her bow about two feet from her starboard side and about a foot above her bottom.

The question to be determined is, whether the accident was the result of negligent towing or was due to a defective condition of the rack.

It clearly appears that in the condition of the tide which prevailed at the time of the accident, the sagging of tows to the northerly side of the opening was almost invariable and practically impossible to prevent. Applying this condition of affairs to the present case, the claimant urges that the barge was necessarily carried against the northern rack and that the accident must have been caused by the broken plank having been sprung off by contact with some vessel passing through the draw just before this accident happened, which left the plank standing out about two feet, under water, from the face of the rack.

The contention of the libellant is, that the barge first brought up against a clump of spiles, designed to protect the rack, which yielded to the impact and permitted the lower part of the bow to come violently in contact with a plank on the end of the rack, thus receiving the described wound.

The contention of the libellant is supported by the testimony of two witnesses on the barge, whose depositions were taken soon after the occurrence. That of the claimant depends upon statements contained in the depositions of three witnesses, recently taken. The claimant's present contention is not consistent with the answer, which puts forward quite a different account of the accident. The present theory is too conjectural to outweigh the positive testimony on the libellant's part. The barge was not drawing enough water to be affected at the stage of the tide which existed when the accident happened, by an obstruction 4 feet under the surface of the water, which was the claim under the pleadings.

I conclude that the libellant's contention should be sustained. It seems to me that this accident can not properly be deemed to have been caused by an unknown obstruction but must be regarded as due to a failure on the tug's part to guide her tow properly, so that collision of the barge's bow with the spiles would be avoided.

Decree for the libellant, with an order of reference.